UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JOSHUA MARTEZ BROWN**, <br><br> Petitioner, <br><br> vs. <br><br> **WILLIE SMITH**, <br><br> Respondent. | 2:17-CV-12097-TGB-RSW <br><br> HON. TERRENCE G. BERG <br><br> **ORDER DENYING MOTION FOR AN EXTENSION OF TIME (ECF No. 14) AND MOTION TO ALTER OR AMEND THE JUDGMENT (ECF No. 15)** |

Petitioner Joshua Martez Brown, a state prisoner in custody of the Michigan Department of Corrections, filed a *pro se* habeas corpus petition challenging his convictions for second-degree murder, Mich. Comp. Laws § 750.317, assault with intent to commit murder, Mich. Comp. Laws § 750.83, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. Petitioner claimed as grounds for relief that: (1) his right to a speedy trial was violated because his second trial commenced over a year after his first trial and 21 months after his arraignment; (2) there was insufficient evidence at trial to prove that he was guilty beyond a reasonable doubt; (3) the prosecutor violated his right to due process by allowing a witness to give perjured testimony; (4) the trial court violated his right to a fair trial by admitting in evidence

his cell phone, which was procured without a warrant; (5) his constitutional rights were violated when he was not brought before a judge or magistrate within 48 hours of his warrantless arrest; and (6) his trial attorney was ineffective for failing to object to a defective complaint and warrant. Pet., ECF No. 1, PageID.51, 45-48.

The Court determined on review of Petitioner's claims that his claims were procedurally defaulted, not cognizable on habeas review, and/or meritless. Accordingly, on October 30, 2020, the Court denied the habeas petition, declined to issue a certificate of appealability, and granted Petitioner permission to appeal the Court's decision *in forma pauperis*. Op., ECF No. 12, PageID.3469.

On November 9, 2020, Petitioner wrote a letter to the Clerk of the Court and asked for an extension of time to file a response to the denial of his habeas petition and a request for a certificate of appealability. ECF No. 14. The Clerk of Court treated the letter as a motion for an extension of time. *See* the docket entry for ECF No. 14, titled "Motion to Extend Time to File Response by Joshua Martez Brown." Before the Court could respond to Petitioner's letter, he filed a motion to alter or amend the judgment. ECF No. 15.

Having reviewed the motion and supporting materials, the Motion to Alter or Amend the Judgment (ECF No. 15) will be **DENIED**, and the Motion to Extend (ECF No. 14) will be **DENIED AS MOOT**.

## I. MOTION TO ALTER OR AMEND

### a. The Legal Framework

Petitioner did not cite a federal or local rule as the basis for his motion to alter or amend the judgment, but the title of his motion suggests that he is bringing his motion under Federal Rule of Civil Procedure 59(e) ("Motion to Alter or Amend a Judgment"). Rule 59(e) merely states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Although Petitioner filed his motion to alter or amend the judgment thirty-three days after the Court's judgment, he filed his motion for an extension of time within 28 days, and that motion remained pending when Petitioner filed his motion to alter or amend the judgment. The Court, therefore, will treat the motion to alter or amend the judgment as timely.

The rule "enables a party to request that a district court reconsider a just-issued judgment." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). The Rule also "gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Id.* (quoting *White v. New Hampshire Dept. of Employment Security,* 455 U.S. 445, 450 (1982)); *see also Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (explaining that "[t]he purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings'") (quoting *York v. Tate*, 858

F.2d 322, 326 (6th Cir. 1988) (quoting *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986)).

However, "[a] district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). This standard is consistent with the "palpable defect" standard in this district's Local Rules. *Id*. A motion for reconsideration is not intended to be a vehicle for losing parties to repackage or re-present arguments that have previously been rejected by courts. *See* E.D. Mich. LR 7.1(h)(3) ("Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication."). Additionally, "absent a legitimate excuse, an argument raised for the first time in a motion for reconsideration at the district court generally will be forfeited." *United States v. Huntington Nat. Bank*, 574 F.3d 329, 331-32 (6th Cir. 2009) (referencing *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 533 (6th Cir. 2008)).

### b. Application to Petitioner's Case

Petitioner's motion to alter or amend the judgment raises three claims about his trial attorney. He contends that trial counsel was

4

ineffective for failing to (1) assert and preserve Petitioner's right to a speedy trial, (2) challenge the search of Petitioner's cell phone following his arrest, and (3) challenge the delay in Petitioner's arraignment.

The current motion merely repackages arguments this Court has previously addressed and rejected. For example, this Court's previous Order addressed Petitioner's claims involving a right to a speedy trial (ECF No. 12, PageID.3447), the admission of his cell phone into evidence (ECF No. 12, PageID.3462), and allegations that his constitutional rights were violated because he was not brought before a judge or magistrate within forty-eight hours of his warrantless arrest (ECF No. 12, PageID.3464). The Court rejected many of these claims on the basis that they were procedurally defaulted because they were not objected to or raised at trial. Petitioner now merely re-asserts these same issues, but attempts to overcome the Court's previous order that the claims were procedurally defaulted by alleging that his rights were violated because of his trial counsel's failure to preserve these claims. ECF No. 15, PageID.3477. But raising the same issues under a different label now that the Court has rejected the previous arguments does not warrant reconsideration. *See Ford Motor Co. v. Greatdomains.Com, Inc.*, 177 F.Supp.2d 628, 632 (E.D. Mich. 2001) ("A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.") (emphasis added).

Even if the Court were to view these claims as new arguments, as opposed to repackaged claims, Petitioner does not provide any legitimate reason as to why these arguments were not raised in his original habeas petition. *United States v. Huntington Nat. Bank*, 574 F.3d 329, 331-32 (6th Cir. 2009) ("[A]bsent a legitimate excuse, an argument raised for the first time in a motion for reconsideration at the district court generally will be forfeited."). The Court is unable to ascertain any "legitimate excuse" as to why these ineffective assistance of counsel claims were raised for the first time in this motion to alter the judgment. Accordingly, they do not warrant reconsideration. *See Collins v. Nat. General Ins. Co.*, 834 F.Supp.2d 632, 641 (E.D. Mich. 2011) ("[M]otions for reconsideration under Local Rule 7.1(h) are aimed at reconsideration, not initial consideration.") (internal punctuation and citations omitted).

### c. *Strickland* Standard

Furthermore, Petitioner is entitled to relief on an ineffective-assistance-of-counsel claim only if he can show that "counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficient-performance prong requires showing that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

The "prejudice" prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result

is reliable." *Id.* at 687. Petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. For the following reasons, the Court finds that Petitioner has failed to satisfy the *Strickland* standard for his ineffective-assistance-of-counsel claims.

### i. Failure to Move for a Speedy Trial

Petitioner alleges that his trial attorney was ineffective for failing to assert and preserve a claim that he was denied a speedy trial. Petitioner alleges that his first trial resulted in a mistrial and that his second trial occurred fourteen months later. Petitioner argues that, but for defense counsel's failure to assert his right to a speedy trial after the initial mistrial, the result of his second trial or his subsequent appeal likely would have been different. He maintains that he was prejudiced by defense counsel's error because the prosecution had additional time to prepare and supplement its case during the delay before his second trial. Mot., ECF No. 15, PageID.3477-3481.

The Michigan Court of Appeals opined on direct review that there was no Sixth Amendment violation because Petitioner's only argument was a conclusory statement that the witnesses' memories had faded. *People v. Brown*, No. 320408, 2015 WL 6482928, at *2 (E.D. Mich. Oct. 27, 2015). Furthermore, the delay of fourteen months was not

7

uncommonly long, and some of the reasons for the delay can be attributed to Petitioner. For example, there was a substitution of defense counsel after the first trial, and the new defense attorney needed time to review transcripts that had not yet been prepared. *See* 2/25/13 Special Pretrial Tr., ECF No. 8-17.

Other reasons for the delay were incomplete discovery, *see* 5/24/13 Special Pretrial Tr., ECF No. 8-18, and a family matter that preoccupied defense counsel shortly before the trial date, *see* 10/3/13 Special Pretrial Tr., ECF No. 8-21. At the special pretrial conference on October 3, 2013, Petitioner stated that he had no objection to another adjournment in the trial or a new trial date about five weeks later. *See* 10/3/13 Special Pretrial Tr., ECF No. 8-21, PageID.1466.

To summarize, there were legitimate reasons for adjourning the second trial, Petitioner had no objection to the postponement of the trial, and he was unable to show any prejudice to the defense as a result of the delay. Therefore, defense counsel's failure to assert Petitioner's right to a speedy trial did not amount to deficient performance, and her performance did not prejudice Petitioner, for Petitioner appears to have received credit for all the time that he spent in jail before his sentencing. *See* 1/7/14 Sentencing Tr., ECF No. 8-35, PageID.2993; Judgment of Sentence, ECF No. 8-36, PageID.3017.

### ii. Failure to Object to the Search and Seizure

Petitioner's second argument is that his trial attorney failed to challenge a police officer's search of the contents of his cell phone without a warrant. Mot., ECF No. 15, PageID.3482-3483. The Court finds no merit in this claim for two reasons. First, the record indicates that the police did obtain a search warrant before attempting to search the contents of the phone; and second, the police were unable to recover any information from the phone. *See* 12/2/13 Trial Tr.*,* ECF No. 8-30, PageID.2656-2659; *Brown*, 2015 WL 6482928, at *7.

Defense counsel's performance was not deficient because Petitioner's underlying Fourth Amendment claim lacks merit. Even if defense counsel's performance was deficient, the deficient performance did not prejudice the defense because the police were unable to search the contents of Petitioner's phone.

### iii. Delayed Arraignment

Petitioner's third and final claim is that his trial attorney failed to challenge the delay in Petitioner's arraignment. Petitioner alleges that he was arrested without a warrant on January 31, 2012, and that his arraignment occurred five days later. He contends that he should have been arraigned within 48 hours of his arrest, that he was interrogated during the five-day delay in the arraignment, and that he was never informed that he was being placed under arrest. Petitioner also speculates that the police acquired additional information during the

delay and that the additional information resulted in charges being brought against him. He maintains that defense counsel was ineffective for failing to investigate and identify the additional information acquired by the police during the delay. Mot., ECF No. 15, PageID.3484-3487.

The Michigan Court of Appeals rejected Petitioner's underlying claim about the delay in his arraignment on direct review. The Court of Appeals stated that Petitioner's claim lacked merit because he "fail[ed] to substantiate that an unreasonable postarrest delay directly led to the admission of any specific evidence that prejudiced his substantial rights." *Brown,* 2015 WL 6482928, at *8.

This Court agreed with the state court when reviewing Petitioner's underlying claim about the arraignment. The Court pointed out that, although Petitioner apparently was interrogated during the delay in the arraignment, there was no evidence that he confessed to the crime during the interrogation or that the prosecution gained a tactical benefit from the delay. For those reasons, trial counsel's failure to challenge the delay in the arraignment did not constitute deficient performance, and the alleged deficiency did not prejudice Petitioner's defense.

The claims underlying Petitioner's arguments about trial counsel lack merit, and an attorney's "failure to raise a meritless claim does not constitute ineffective assistance of counsel." *Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020). Moreover, Petitioner has failed to show some palpable defect or clear error law of law in the Court's dispositive

opinion, and an altered or amended judgment is not needed to prevent a manifest injustice. Therefore, Petitioner's motion to alter or amend the judgment is denied.

## II. MOTION FOR AN EXTENSION OF TIME

In his remaining motion, Petitioner seeks a ninety-day extension of time to file a motion for a certificate of appealability and a response to the Court's denial of his habeas petition. The Court, however, denied a certificate of appealability in its dispositive opinion, and Petitioner has already responded to the Court's dispositive opinion. Therefore, the motion for an extension of time is denied as moot. Petitioner may apply to the Court of Appeals for a certificate of appealability.

## CONCLUSION

For these reasons, the Court hereby **DENIES** Petitioner's Motion to Alter or Amend Judgment (ECF No. 15). The Court further **DENIES AS MOOT** Petitioner's Motion to Extend (ECF No. 14).

**SO ORDERED.**

Dated: June 21, 2021     s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE